UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
)
vs. ) NO. 19-CR-0135-PB
)
JEFFREY ROY )

**DEFENDANT'S SENTENCING MEMORANDUM**

In crafting an appropriate sentence, the Court should make sure that the sentence fits not only the offense but the offender and should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." See *Gall v. United States,* 552 U.S. 38, 52 (2007). "[A] sentencing judge should engage in a ...holistic inquiry,'by considering' a tapestry of factors, through which runs the thread of [the] overarching principle' of parsimony." *United States v. Russell*, 537 F.3d 221, 228 (1st Cir. 2008) (quoting *United States v. Rodriguez*, 731 F.3d 20, 28 (1st Cir. 2008)). The parsimony sets out that a court should "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in §3553(a).

In the present case, the defendant is requesting the Court to view him through a prism of the substantial addiction to opiates that he suffers with, coupled with his fight against severe depression as well as ADHD. He has made efforts to contain the addiction with the assistance of the US Probation Department. He went to the Farnum Center for a 28 day program at the beginning of this case. He then went to the Phoenix House in Dublin, New Hampshire seeking to be able to sustain from opiates. He was not successful in this endeavor.

The defendant was incarcerated on state charges in January at the Keane County jail. During his time there he has attempted to benefit from programs offered despite COVID restrictions. He has completed their 16 week Moral Recognition Therapy Program which parallels much of what the TC Program offers at Strafford Jail. Additionally, he also participates in weekly group sessions on how to fight addiction.

The defendant recently completed step 5 of USSG §5C1.2 for application of the safety valve adjustment to his base offense level. He would then be at offense level 15 still with criminal history I. The low end of the guideline range then would be 18 months. Currently, the Keane facility has a major out break of COVID. In such a situation, coupled with the underlying medical issues of the defendant, the defendant is requesting the Court impose a sentence of time served in this case. He would be entitled to credit for a little over 4 months incarceration on this case. Such a sentence would allow him to secure an outside program to participate in to keep up his sobriety without being at risk with his health issues remaining at Keane. This would be consistent with the principle that the "punishment should fit the offender and not merely the crime." *Pepper v. United States*, 561 U.S. 476, 477 (2011)(citations omitted).

**Consideration of 18 U.S.C. §3553(a) Issues**

**A. History and Characteristics of the Defendant**

The defendant will be 25 years old this November. There is nothing unusual about his up bringing in a middle class family in the Keane area of New Hampshire. He does have a suitable residence to go to when released. He will reside with his grandfather in Fitzwilliam, New Hampshire.

**Mental Health and Substance Abuse Issues**

The defendants issues in this regard are sufficiently presented within the PSR. The issues set out that the defendant has three major fights to win at an early age. He needs to deal with his addiction, depression and ADHD.  A question would be whether they are separate fights or can they be dealt with as one entity for this defendant.

**B. The Need for the Sentence Imposed**

The distribution of fentanyl needs to be sufficiently punished to deter recidivism. Here a young man of 25 years old has been incarcerated on this case over 4 months. He is presently in a facility where there is a serious outbreak of COVID. He is facing, independently, state court charges which could lead to further incarceration. In such circumstances the requested sentence should be sufficient but not greater than necessary to serve the interests of justice.

**<u>Conclusion:</u>**

In consideration of all of the above, the defendant respectfully requests this Court to impose a sentence of time served with 3 years of supervised release and not impose a fine as he does not have the ability to pay such an assessment.

Respectfully submitted
JEFFREY ROY
by his attorney,

/s/ Stanley W. Norkunas
Stanley W. Norkunas
11 Kearney Sq
Lowell, MA. 01852
(978) 454-7465
NH Bar # 6876

CERTIFICATION OF SERVICE

    I hereby certify that a copy of the within Defendant's Memorandum has been sent to all counsel of record and the clerk's office by filing the same this 28rd day of September 2021. using the court's ECF system.

/s/ Stanley W. Norkunas
Stanley W. Norkunas